**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 26, 2021[*]
Decided July 26, 2021

**Before**

MICHAEL S. KANNE, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-2918

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division. |
| *v.* | No. 1:16-CR-35-HAB |
| JOHN M. DOMINGUEZ, <br> *Defendant-Appellant.* | Holly A. Brady, <br> *Judge.* |

**O R D E R**

Asserting that his advanced age and severe medical conditions, including diabetes and liver disease, heighten his risk of complications from COVID-19, John Dominguez, a federal inmate, moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). The district court denied the motion. It concluded that prison staff was adequately addressing his medical needs, and in any case, the sentencing factors

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

under 18 U.S.C. § 3553(a) weighed overwhelmingly against early release. Because the district judge did not abuse her discretion in so ruling, we affirm.

Dominguez has a 50-year long criminal history involving drug crimes, the most recent of which led to his current imprisonment. Following his latest arrest for selling heroin in 2016, the district judge ordered him released upon certain conditions, including electronic monitoring and avoiding new crimes. Dominguez violated these conditions of pretrial release—he cut off his ankle monitor, committed two new crimes, and used controlled substances—and his pretrial release was revoked. He later pleaded guilty to possessing with intent to distribute heroin, *see* 21 U.S.C. § 841(a)(1), and is now serving a 135-month sentence at the Federal Medical Center in Fort Worth, Texas.

In July 2020 Dominguez moved for compassionate release, arguing that his age (69), race (Hispanic), and health conditions (type 2 diabetes, hepatitis C, chest pain, hyperlipidemia, and liver disease) made him susceptible to a severe COVID-19 infection. The judge denied the motion. She found that, although Dominguez had multiple COVID-19 risk factors, "nothing … leads the Court to believe that FMC Fort Worth," a medical center where most of the positive COVID cases had already resolved, "cannot protect [Dominguez] from the virus or treat him should he become infected." And even if Dominguez had shown "extraordinary and compelling circumstances," the judge went on, "the § 3553(a) factors overwhelmingly support [Dominguez's] continued incarceration." She pointed to Dominguez's 50-year criminal history (over 20 convictions, including 10 for felonies and violent drug crimes), the seriousness of the underlying offense, and his criminal conduct on pretrial supervision. This history gave the judge "no faith" that Dominguez could comply with conditions of early release.

On appeal, Dominguez argues generally that the judge abused her discretion in concluding that his health risks at FMC Fort Worth were not extraordinary and compelling reasons for release. Our review is deferential, and we conclude that the judge reasonably weighed the relevant facts in her ruling. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021). The judge acknowledged Dominguez's age and health risks, but she reasonably found that those risks are well-managed. The prison's medical records show that health professionals at FMC Fort Worth are regularly monitoring and treating Dominguez's health conditions, and Dominguez does not argue that the COVID-19 vaccine is unavailable to him. *See United States v. Broadfield*, --- F.4th----, No. 20-2906, 2021 WL 3076863 at *2 (7th Cir. 2021). Further, the previously high number of COVID-19 cases at the facility had decreased significantly by the time the judge ruled. Dominguez asserts on appeal that he recently contracted COVID-19

(from which he has recovered without complications) and that the medical facility has recently received more COVID-19 cases. But we review the judge's ruling based only on the information before her at the time of her decision, not new factual assertions in appellate briefs. *See United States v. Howell*, 958 F.3d 589, 595 (7th Cir. 2020).

Denial of release was proper for another, independent reason. The judge permissibly ruled that, apart from Dominguez's failure to present extraordinary and compelling health reasons for release, the § 3553(a) sentencing factors also warranted denying early release. *See Saunders*, 986 F.3d at 1078 (citing 18 U.S.C. § 3582(c)(1)(A)). The judge considered Dominguez's history and characteristics (his 50-year criminal history, including violent drug crimes), the seriousness of the underlying offense (selling drugs and possessing a firearm), and his violation of his conditions of pretrial release. From this history, the judge reasonably had "no faith" that Dominguez would follow any release conditions. We do not reweigh these permissible considerations on appeal. *See United States v. De La Torre*, 940 F.3d 938, 954 (7th Cir. 2019).

AFFIRMED